1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Osuna, | No. CV-11-1147-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Bank of America et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 6). For the reasons stated below, the motion is granted in part and denied in part.

**BACKGROUND**

On May 25, 2010, Plaintiff Osuna[1] mailed a document entitled "Nice Offer and Demands" ("Nice Offer") to Defendants BAC Home Loans Servicing LP ("BAC"), ReconTrust ("Recon"), Fidelity National Title ("Fidelity"), and Mortgage Electronic Recording System ("MERS"). (Doc. 1, Ex. 1(A)). The twenty-six page document is nearly identical to others submitted in foreclosure cases around the country, which, as described by

---

[1] In their Motion to Dismiss, Defendants submitted a document showing that Plaintiff had placed the Property in the Palo Verde 521 Trust ("the Trust"), and that Plaintiff therefore had no standing to bring the suit. In his response, Plaintiff stated that he was suing on behalf of himself and the trust, an argument that Defendants did not contest in their reply.

one district court, "consist[] of an assortment of items including sworn statements, requests for production of original documents, inquiries that are akin to interrogatories, and seemingly irrelevant true/false questions." *Poblete v. Goldberg*, 680 F. Supp. 2d 18, 20 (D.D.C. 2009).[2] Additionally, Plaintiff, along with Alma Osuna, mailed Defendants a document entitled "Written Notice of Dispute of Claim, Notices of Rescission of Loan, Notice of Void Signature Affidavit." (Doc. 1, Ex. 1(A)). This document stated that Plaintiff disputed the validity of a loan, claiming that the loan was fraudulent and that the lenders were not holders in due course of the note. (*Id.*). It further stated that "We rescind this loan without reservation," and "We waive and reject any and all benefits expressed or implied arising from any such signatures" as may appear in the loan documentation. (*Id.*). In addition, the Osunas mailed Defendants a "Notice of Reconveyance" which stated that the trustee for the original loan failed to register the Promissory Note with the County recorder, and demanding therefore that the note be reconveyed to them. (*Id.*). Finally, they mailed a "Notice to Trustee of Lack of Real Party in Interest" to Recon, stating that Bank of America was not a real party in interest to the Deed of Trust, and that the Deed of Trust had been rescinded. (*Id.*). Defendants did not respond to any of these documents. On May 13, 2011, Plaintiff initiated this lawsuit by filing a complaint in Pinal County Superior Court, and BAC and Recon removed it to federal court on June 7, 2011. (Doc. 1; Doc. 1, Ex. 1).

Plaintiff's complaint, like the Nice Offer, appears to have been adapted or edited from another document. For example, there are frequent references to lifting of a bankruptcy stay, but nowhere does Plaintiff state that he is in bankruptcy (and Defendants assert that he is

---

[2] What appears to be the template for the document is available on the internet. *See* http://pre-foreclosuresolutions.yolasite.com/resources/niceOFFERandDEMANDS.odt (opens to PDF). The website solicits donations from those who use the documents to challenge foreclosures.

not). (Doc. 6 at 4). In the Complaint, Plaintiff identifies five causes of action.[3] First, he states that BAC and Recon "lack[ ] standing to foreclose" on the Property. (Doc. 1, Ex. 1). Next, he argues that there was no valid contract formed between Plaintiff and his original lender, because the lender did not intend for Plaintiff to pay off the loan, but instead "expected to take the collateral and take title to Plaintiff's home after the default." (*Id.*). Third, Plaintiff alleges that the HomeAmerican Mortgage falsely represented itself as the "Lender" in the initial loan, which constituted fraud because Plaintiff relied on the representation to his detriment. (*Id.*). Fourth, Plaintiff seeks to quiet title in the property in favor of himself, based upon a Grant Deed he references but does not provide and the fact that any "promissory note, if such can be found, is void." (*Id.*). Fifth, he seeks an injunction preventing Recon from going forward with a trustee's sale. (*Id.*).

Plaintiff has attached no documentation regarding the initial mortgage or its subsequent transfer to his complaint. Defendants have submitted a Promissory Note, but since Plaintiff alleges that the note was fraudulent or void, the Court may not take judicial notice of it. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (judicial notice is available for documents "whose contents are alleged in a complaint and whose authenticity no party questions") (internal quotations omitted). The Court will, however, take judicial notice of the submitted Deed of Trust and the subsequent transfers of interest, which were filed with the Pinal County recorder's office, because they are "matters of public record outside the pleadings." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n. v. Solimino*, 501 U.S. 104 (1991). According to these documents, HomeAmerican Mortgage was the original

---

[3] It is not always clear which cause of action Plaintiff intends to lodge against which Defendant. Since Plaintiff is proceeding pro se, the court will construe these pleadings generously. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'") (citations omitted).

1  lender, Fidelity was the original Trustee, MERS was listed as the beneficiary, and the
2  Property served as security for a loan of $183,013. MERS transferred its beneficiary interest
3  under a Deed of Trust secured by the Property to BAC on March 1, 2011. (Doc. 6, Ex. 4).
4  BAC appointed ReCon to be the successor Trustee on the same day, and Recon then noticed
5  a trustee's sale. (Doc. 6, Ex. 5–6). On March 24, BAC sent a Statement of Breach or Non-
6  Performance and a notice that it was selling the property; the Court will take notice of this
7  document because Plaintiff concedes that Defendant is proceeding against the Property.
8  (Doc. 6, Ex. 3; Doc. 1 Ex. 1(A)).

**DISCUSSION**

**1.  Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task" in which a court relies upon "its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. Instead, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the

nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**2. Analysis**

As mentioned above, Plaintiff's complaint, like other documents in this matter, appears to have been adapted from third-party documents used in other suits challenging foreclosure in the courts, at least one of which is available on the internet from a party seeking payment. The theories implicit in these documents—for example, that failing to respond to a "Nice Offer and Demands" constitutes admissions of the allegations in the Nice Offer—are meritless, as other district courts have noted. *See, e.g.*, *Beckwith v. Bank of America*, 2010 WL 3122803, at *2 (W.D. Wash. Aug. 9, 2010) ("He argues that BofA's failure to respond to this document constitutes admission to his allegations. It does not."). Having already entered into one financial transaction that was ultimately to his disadvantage, in his pursuit of a remedy Plaintiff appears to have obtained and possibly paid for advice that was of little to no use to him.

**a. Lack of Standing to Foreclose**

Plaintiff states that the foreclosure is "judicial, not non-judicial, because Plaintiff objected." (Doc. 1, Ex. 1 ¶ 69). He provides no evidence of his objections to the non-judicial foreclosure, nor any reason why such objections would convert the foreclosure into a judicial foreclosure. The procedures for non-judicial foreclosures in Arizona are codified in Ariz. Rev. Stat. §§ 33-807 (2007); the Deed of Trust statutes "set forth the only procedure for a valid trustee's sale." *Patton v. First Federal Sav. and Loan Ass'n of Phoenix*, 118 Ariz. 473, 476, 578 P.2d 152, 155 (1978). Plaintiff does not allege any violation of these statutes, and therefore does not "state[ ] a plausible claim" that the non-judicial foreclosure is improper. *Iqbal*, 129 S.Ct. at 1950.

More generally, Plaintiff appears to be claiming that because the mortgage was

securitized and transferred, the deed of trust is unenforceable. This argument is a variation of the "show me the note" theory. In Arizona, "district courts have routinely held that Plaintiff's 'show me the note' argument lacks merit." *Deissner v. MERS*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (internal citation omitted, collecting cases). Judge Teilborg, in dismissing the Consolidated Amended Complaint in a multi-district case challenging MERS's ability to foreclose, wrote that a beneficiary or subsequently assigned beneficiary has the power to foreclose because it "holds legal title to the secured interests and is the beneficiary or lienholder of record, as the nominee or agent for Plaintiffs' lenders and the lenders' successors and assigns." *In Re Mortgage Electronic Registration Systems (MERS) Litigation*, 2:09-md-02119-JAT, 2011 WL 4550189, at *4 (D. Ariz. Oct. 3, 2011). Moreover, the Ninth Circuit has held that an entity holding the deed as a trustee can foreclose after a note has been transferred, writing that "the notes and deeds are not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders." *Cervantes et al. v. Countrywide et al.*, ___ F.3d ___, ___ 2011 WL 3911031, at *7 (9th Cir. Sep. 7, 2011). Plaintiff has made no allegation that MERS or the trustees were not agents of the lenders. The Deed which Plaintiff signed provides that the Note "can be sold one or more times without prior notice to Borrower." (Doc. 6, Ex. 1).

### b. Contract is Void

Plaintiff does not plead facts sufficient to state a claim that the contract is void. He fails to produce any contract at all, and elsewhere in his complaint writes that "Plaintiff does not know if there was a loan from Defendant to him as alleged." (Doc. 1, Ex. 1 ¶ 18). To the extent that Plaintiff claims that there was no meeting of the minds because his lender issued the mortgage intending to foreclose upon the property should Plaintiff not pay back the loan, that is the very essence of a mortgage. *See* RESTATEMENT (THIRD) OF PROPERTY-MORTGAGES § 8.2 (1997). To the extent Plaintiff claims that securitization voided the contract, he provides no document showing that the agreement prohibited securitization.

1    **c.     Fraud and Predatory Lending**

2    Plaintiff alleges that Defendants engaged in "predatory lending. There is, however,
3    no independent cause of action for "predatory lending." *See Pugal v. America's Servicing*
4    *Co.,* 2011 WL 4435089, at *10 (D. Haw. Sept 21, 2011) ("The common law does not support
5    a claim for 'predatory lending.'"); *Jacobs v. Credit Suisse First Boston,* 2011 WL 4537007,
6    at *4 (D. Colo. September 30, 2011) ("This Court is not aware of . . . any particular statutory
7    or common-law source of a claim for 'predatory lending.'"); *Haidar v. BAC Home Loans*
8    *Servicing, LP*, 2010 WL 3259844, at *2 (E.D. Mich. Aug. 18, 2010) ("[T]here is no cause
9    of action for predatory lending."); *Pham v. Bank of Am., N.A.*, 2010 WL 3184263, at *4
10   (N.D.Cal. Aug. 11, 2010) ("There is no common law claim for predatory lending."). Rather,
11   "[t]o assert a cognizable claim implicating predatory lending practices, a plaintiff must
12   generally show that the practices at issue violated some state statute, common law principle,
13   or federal law." *Wallace v. Bank of Am.*, 2010 WL 4916570, at *3 (D.N.H. August 30, 2010).
14   Plaintiff's only attempt to assert an independent claim is his fraud claim included in the same
15   count.

16   In his fraud claim, Plaintiff argues that HomeAmerican stated that it was the Lender
17   when in fact it was not. He claims that he relied on this representation, and would not have
18   attempted to obtain the loan had some other entity been the Lender. Again, he provides no
19   explanation why he would have relied on HomeAmerican, and no other lender, to obtain a
20   loan, or how HomeAmerican's allegedly false representation harmed him. His boilerplate
21   fraud allegation is a "formulaic recitation of the elements of a cause of action" and must be
22   dismissed. *Twombly*, 550 U.S. at 555.

23   **d.     Quiet Title**

24   Plaintiff asks that the Court quiet title in his favor because a Grant Deed granting the
25   title in fee simple to Plaintiff has been recorded in the official records of Pinal County,
26   Arizona. He does not provide a copy of the Deed, but claims that "there is no balance left
27   owing on the obligation.". (Doc. 1, Ex. 1 ¶ 115). When analyzing a complaint for failure to

28

state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith*, 84 F.3d at 1217. If there was a Grant Deed executed without encumbrance in Plaintiff's favor on the Property, and if any obligation is fully paid off, as he claims, he is entitled to quiet title. He therefore has pleaded facts sufficient to state a claim, and the motion to dismiss will be denied wit regards to the quiet title claim.

### e. RESPA

Though not stated as a claim, Plaintiff maintains that he sent a Qualified Written Request pursuant to the Real Estate Procedures Act, 12 U.S.C. § 2605 (2006) and a Debt Validation Letter pursuant to the Fair Debt Collection Practices Act 15 U.S.C. § 1692 (2006) on March 24, 2010. He provides no copy of either such letter. The correspondence he does provide was sent on May 25, 2010, and does not qualify as a Written Response under either statute. *See Hubbard v. Bank of America*, 2011 WL 2470021, at *4 (D. Or. 2011) (finding that neither a "Nice Offer and Demands" nor related documents "constitutes written correspondence or QWRs within the meaning of RESPA.").

### f. Injunctive Relief

In order to be granted injunctive relief, a plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."*Winter v. Nat't Res. Def. Council,* 55 U.S. 7, 22 (2008), *see* FED. R. CIV. P. 65. (emphasis in original). Plaintiff's only surviving claim is for quiet title, and while he has pled facts which, if true, would entitle him to quiet title, he has not shown that he is "likely to succeed on the merits." *Winter*, 55 U.S. at 22. Plaintiff is therefore not entitled to injunctive relief.

## CONCLUSION

Plaintiff's complaint is a boilerplate document minimally adapted from a third party. The only allegation that has been pleaded adequately to survive a motion to dismiss is the

claim for quiet title. Plaintiff's supporting documents, such as the Nice Offer, do not provide a basis for relief.

**IT IS THEREFORE ORDERED:**

1. Defendants' Motion To Dismiss (Doc. 6) is hereby **granted in part and denied in part**. Counts One, Two, Three and Five are dismissed.

2. The only remaining count in this action is **Count Four**.

DATED this 12th day of December, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge