**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Oscar Osuna, ) | No. CV-11-1147-PHX-GMS |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Bank of America et al., ) |  |
| Defendants. ) |  |

Pending before the Court is a Motion for Reconsideration filed by Defendants BAC Home Loans Servicing LP and ReconTrust Company, N.A. (Doc. 10). For the reasons discussed below, the motion is denied.

**BACKGROUND**

On December 12, 2011, the Court issued an order granting in part and denying in part Defendants' earlier motion to dismiss. (Doc. 9). The order dismissed all of Plaintiff's claims except for his claim to Quiet Title, which was based on the assertion in his complaint that "The basis of Plaintiff's title is a Grant Deed granting the Property in fee simple to Plaintiff dated March 19, 2007 and recorded in the official records of Pinal County, Arizona as Instrument # 2007-040941 APN # 505-59-10500." (Doc. 1, Ex. 1 at 18). Defendants now claim that no such deed exists, and that the instrument number in question refers to the Deed of Trust, of which the Court took judicial notice in its previous order. (Doc. 10).

**DISCUSSION**

**1.     Legal Standard**

Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds, "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

**2.     Analysis**

Defendants properly note that Plaintiff has offered no evidence in support of his claim that the property was conveyed to him in fee simple via a "Grant Deed" that has been recorded with Pinal County. They have not, however, stated which of the *Turner* factors is applicable to their argument that the initial order was wrongly reasoned, and instead appear to argue that the court should "rethink what the court has already thought through." *Rezzonico*, 32 F. Supp. 2d at 1116. As such, they provide no adequate grounds for the Court to reconsider its order under Rule 59(e). It may indeed appear unlikely that Plaintiff will be able to produce the Grant Deed that he claims exists. Nevertheless, a complaint may survive a motion to dismiss even "if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atlantic Corp. v Twombly*, 550 U.S. 444, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

/ / /

/ / /

1    **IT IS ORDERED** that Defendants' Motion to Reconsider (Doc. 10) is denied.

2    DATED this 3rd day of January, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge