**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Osuna, <br><br> Plaintiff, <br><br> v. <br><br> Bank of America, a/k/a BOA Home Loans Servicing, L.P.; ReconTrust Company, N.A. as Trustee, et al., <br><br> Defendants. | No. CV-11-01147-PHX-GMS <br><br> **ORDER** |

Pending before the Court is the Motion for Summary Judgment of Defendants Bank of America, N.A. and ReconTrust Company, N.A. ("Defendants"). (Doc. 23.) Also pending is Plaintiff Oscar Osuna's Motion to Dismiss without Prejudice. (Doc. 24.) For the reasons discussed below, Osuna's motion is granted and Defendants' motion is denied as moot.

Osuna filed suit in state court in May 2011 asserting a variety of claims against Defendants in connection with a loan that he claims he does not owe to Defendants on his home. (Doc. 1-1.) Defendants removed this action to federal court and on December 13, 2011, this Court dismissed all of Osuna's claims except Count 4, the action to quiet title. (Doc. 9 at 9.)

Defendants proceeded to serve interrogatories and requests for production of documents on Osuna, but Osuna apparently never responded. (Doc. 23 at 2 n.1.) Defendants then filed their Motion for Summary Judgment. Osuna did not respond to this motion, but instead filed a Notice of Voluntary Dismissal Without Prejudice. Osuna laid

1 out no reasons for his request to dismiss the case. Because Defendants have already filed an Answer in this case, (Doc. 13), Osuna's Notice is construed as a Rule 41(a)(2) motion for voluntary dismissal. *See* FED. R. CIV. P. 41(a)(2) (requiring the plaintiff to obtain the court's permission before dismissing an action if an answer or motion for summary judgment has been filed).

A district court should grant a Rule 41(a)(2) motion for voluntary dismissal unless defendant has made a showing that it will suffer some plain legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976. "Uncertainty because a dispute remains unresolved" or "the threat of future litigation" do not constitute plain legal prejudice. *Id.* Nor is plain legal prejudice established by a showing that the defendant has already begun trial preparations. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145–46 (9th Cir. 1982). Furthermore, "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice." *Id.*

Defendants argue that Osuna's motion for voluntary dismissal should be denied because his lawsuit is frivolous. They also argue that Osuna "should not be permitted to hold the threat of future litigation over Defendants."

The Ninth Circuit has expressly stated that the threat of future litigation is not a ground for prejudice that warrants denial of a Rule 41(a)(2) motion for voluntary dismissal. Defendants have made no other arguments that Osuna's voluntary dismissal will cause them legal prejudice. As such, Osuna's motion for voluntary dismissal is granted.

Because Defendants will not suffer plain legal prejudice, Osuna's Motion to Dismiss without Prejudice is granted. Because the case will be dismissed, Defendants' Motion for Summary Judgment is denied as moot.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss without Prejudice of Oscar Osuna (Doc. 24) is **GRANTED**.

     **IT IS FURTHER ORDERED** that the Motion for Summary Judgment of Defendants Bank of America, N.A. and ReconTrust Company, N.A. (Doc. 23) is **DENIED AS MOOT**. The Clerk of Court is directed to terminate this action.

     Dated this 15th day of October, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge